# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00336-CV

---

**Thomas Luke Ponzio, Appellant**

**v.**

**Alexis Ponzio, Appellee**

---

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-21-006025, THE HONORABLE MARIA CANTÚ HEXSEL, JUDGE PRESIDING

---

## CONCURRING AND DISSENTING OPINION

I am pleased to join nearly all of the Court's judgment. I respectfully dissent, however, from the reversal of the award on Alexis Ponzio's reimbursement claim arising out of time, toil, and effort spent on improving Thomas Ponzio's separate property.

In Thomas's appellate brief, after he lays out his recounting of the facts about Alexis's evidence supporting this claim, the sum total of his legal argument about segregation of Alexis's time, toil, and effort from that of her parents is these two sentences and intervening cite:

> Alexis is not entitled to reimbursement for work her parents did. *See Sonnier v. Sonnier*, 331 S.W.3d 211, 217 (Tex. App.—Beaumont 2011, no pet.) (money borrowed from one spouses' parents does not constitute one marital estate benefitting another). Since she has failed to segregate the work she did from the work her parents did, it is not possible for the trial court to have assigned any value for Alexis' work.

*See* Appellant's Br. at 28–29 (italics changed). *Sonnier* is not on point. It does not lay out any segregation burden on a party seeking a reimbursement. And it is an expended-funds case where the funds were loaned expressly to both spouses, not just to the one who sought the reimbursement.

Distinguishing Thomas's only authority to support his segregation argument should be the end of that argument. But the Court instead has found different authorities for Thomas and reverses Alexis's award for lack of segregation on the basis of those authorities.[1]

---

[1] The older version of Section 3.402, which applies in this suit, is much less restrictive regarding reimbursement claims than the current version is. *See In re Marriage of Moore*, No. 12-22-00286-CV, 2023 WL 3369399, at *8 (Tex. App.—Tyler May 10, 2023, no pet.) (mem. op.) ("The Texas Legislature codified many reimbursement claims, but Section 3.402 should not be read as the exclusive list of reimbursable claims. A claim for reimbursement recognized at common law is generally still viable as long as it is not specifically classified as non-reimbursable under the current statutory scheme. This interpretation is reinforced by the equitable nature of reimbursement claims and the mandate that the trial court balance all the facts, circumstances, and equities of the particular matter before it." (internal citations omitted)). Under the older version, the provision at issue said simply what reimbursement claims could "include[]," *see* Act of May 29, 2009, 81st Leg., R.S., ch. 768, § 3, sec. 3.402(a), 2009 Tex. Gen. Laws 1950, 1951, and not, as in the current statute, a definition that might exclude Alexis's claim, *see* Tex. Fam. Code § 3.402(a). Under the older version: "'A trial court's discretion in evaluating a claim for reimbursement is equally as broad as that discretion exercised by a trial court in making a just and right division of the community estate.' In reviewing the trial court's actions, we presume that the trial court properly exercised its discretion." *See Maher v. Maher*, No. 01-14-00106-CV, 2016 WL 4536283, at *10 (Tex. App.—Houston [1st Dist.] Aug. 30, 2016, no pet.) (mem. op.) (quoting *Barras v. Barras*, 396 S.W.3d 154, 174 (Tex. App.—Houston [14th Dist.] 2013, pet. denied)); *accord Marin v. Marin*, No. 03-22-00013-CV, 2023 WL 2776296, at *5 (Tex. App.—Austin Apr. 5, 2023, no pet.) (mem. op.). The record here includes evidence from which the trial court could conclude that it was equitable to treat the parents' time, toil, and effort as gifts to their daughter's separate estate or to the community estate, which she then put to use to improve Thomas's separate estate. All this means that even if under the current statute time, toil, and effort gifted by a spouse's parents is not reimbursable at all, under the older statute applicable here, the matter is not so simple, and it's a high burden to show that a trial court clearly abused its discretion when the court's award is not excluded by the applicable statute. Thomas's appellate brief engages with none of this, instead announcing a bright-line rule via reliance on a distinguishable case, and the Court adopts that bright-line rule, contrary to the inclusive and permissive version of Section 3.402(a) applicable here.

Such a procedure is improper. We are not without tools to protect the parties' rights when "briefing may be adequate to preserve an issue but insufficient to properly assist an appellate court." *See Bertucci v. Watkins*, 709 S.W.3d 534, 542 (Tex. 2025). In those instances, we should "'require additional briefing' if 'the case has not been properly presented in the briefs.'" *Id.* (quoting Tex. R. App. P. 38.9(b)); *see also* Tex. R. App. P. 38.7 (supplementation "whenever justice requires"). Because the Court has not followed that approved procedure, Alexis now loses her reimbursement claim without having had the chance to respond to the authorities that the Court relies on for the reversal.

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Crump

Filed: June 27, 2025

3